La Juez Asociada Señora Rodríguez Rodríguez
emitió la opinión del Tribunal.
Corresponde determinar en esta ocasión si procede revocar la sentencia dictada por el Tribunal de Apelaciones por carecer ese foro de jurisdicción para atender un recurso de apelación presentado prematuramente. Por entender que el foro apelativo intermedio asumió y retuvo jurisdicción impropiamente, revocamos su determinación.
I
El Sr. Landislaus M. Szendrey, su esposa Maricarmen Ramos de Szendrey y la Sociedad Legal de Gananciales compuesta por ambos (esposos Szendrey Ramos) presentaron una demanda contra F. Castillo Family Properties, Inc. (Castillo), Inversiones y Desarrollos del Caribe, Inc. (InDeCa), los esposos Irizarry Almendáriz, GAM Realty Sociedad en Comandita S.E. (GAM), los esposos Collazo Torres, Metropolitan Professional Park Inc. (MPP), el Estado Libre Asociado de Puerto Rico, el Departamento de Corrección y Rehabilitación, y la Administración de Corrección. Reclamaron daños y perjuicios por sufrimientos y angustias mentales y daños por el uso de una propiedad en contravención del reglamento del inmueble. El 28 de junio de 2005, el Tribunal de Primera Instancia, Sala Superior de San Juan, dictó sentencia, declarando “con lugar” algunas de las reclamaciones de los esposos Szendrey Ramos y desestimando otras por insuficiencia de la prueba presentada.
Inconformes, el 19 de julio de 2005, los esposos Szendrey Ramos presentaron una solicitud de determinaciones de hechos adicionales al amparo de la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III. De igual forma y en esta misma fecha, los codemandados InDeCa, los esposos Irizarry Almendáriz, GAM, los esposos Collazo Torres y MPP (codemandados) presentaron también una moción en virtud de la referida Regla 43.3.
El 3 de agosto de 2005, Castillo, uno de los codemandados en el pleito, presentó una oposición a la solicitud pre *877 sentada por los esposos Szendrey Ramos. Alegó que la referida moción le fue notificada fuera del término de diez días establecido por la referida Regla 43.3 para su presentación. Adujo, además, que por ser un término de cumplimiento estricto, los esposos Szendrey Ramos tenían que demostrar la existencia de justa causa para la notificación que le realizaron un día después de finalizado el término dispuesto.
Así las cosas, el 6 de septiembre de 2005, estando pendiente de consideración las mociones presentadas por las partes y la determinación de justa causa para su notificación tardía, los esposos Szendrey Ramos presentaron un recurso de apelación ante el Tribunal de Apelaciones, solicitando la revisión de la sentencia dictada por el tribunal de instancia. En respuesta, Castillo solicitó la desestimación del recurso presentado, alegando que la sentencia recurrida no era final, ya que tanto los demandantes como los demandados habían presentado oportunamente las mociones en controversia. Adujo que esta presentación interrumpió el término para incoar el recurso de revisión ante el foro apelativo intermedio. De otra parte, los esposos Szendrey Ramos objetaron esta solicitud alegando que el término apelativo nunca se interrumpió porque la moción de los codemandados fue también notificada tardíamente y que, por lo tanto, ninguna de las mociones interrumpió el término apelativo.
Luego de varios incidentes procesales, el 27 de octubre de 2005, el Tribunal de Apelaciones desestimó por falta de jurisdicción el recurso de apelación presentado por los esposos Szendrey Ramos. En esencia, dicho foro determinó que el recurso presentado era prematuro y que no podía asumir jurisdicción hasta tanto el tribunal de instancia determinase si existió o no justa causa para la notificación tardía de las mociones o que, de otra parte, resolviera definitivamente las solicitudes en controversia.
En desacuerdo, los esposos Szendrey Ramos solicitaron oportunamente una reconsideración de esta determinación. Adujeron que el término para instar un recurso *878 apelativo nunca se interrumpió, ya que la moción fue notificada fuera del término de diez días establecido por la referida Regla 43.3 para su presentación. Alegaron que, en la eventualidad de que el tribunal de instancia concluyera que no existía justa causa para la notificación tardía de la moción, esta determinación tendría el efecto de no haber interrumpido el término para presentar el recurso apelativo, por lo que quedarían desprovistos de un remedio de revisión. Por lo anterior, peticionaron que el tribunal apelativo retuviera jurisdicción sobre su recurso hasta tanto el tribunal de instancia determinara si existió justa causa para la notificación tardía de la moción.
El Tribunal de Apelaciones reconsideró su determinación y, el 28 de diciembre de 2005, determinó devolver el caso al tribunal de instancia para que resolviera el asunto jurisdiccional planteado, determinando la existencia o no de justa causa para la notificación tardía de las mociones en controversia. Razonó que mientras el tribunal de instancia no determinara la existencia de justa causa o resolviera definitivamente las mociones presentadas por la partes, debía “abstenerse de expresarse en cuanto a los méritos del recurso, puesto que dependiendo de la determinación del [tribunal de instancia] podía carecer de jurisdicción por resultar prematuro el recurso presentado".(1) Más aún, dicho foro retuvo jurisdicción sobre el recurso presentado hasta tanto el tribunal de instancia resolviera la controversia sobre las solicitudes presentadas, argumentando que lo anterior evitaría que los demandantes quedaran desprovistos de alternativas para apelar la determinación del tribunal de instancia.
Insatisfechos, el 25 de enero de 2006 los codemandados Castillo, GAM y MPP solicitaron sin éxito la reconsideración. Alegaron que el foro apelativo intermedio no podía retener jurisdicción para atender posteriormente el recurso de apelación y, a su vez, emitir órdenes al tribunal *879 de instancia, ya que todavía estaban pendientes de consideración las mociones presentadas. Argumentaron, además, que dicho foro estaba adquiriendo una jurisdicción de tipo contingente que no había sido establecida estatutariamente.
El 24 de abril de 2006, el Tribunal de Apelaciones declaró “no ha lugar” la solicitud de reconsideración presentada por los codemandados. Además, ordenó al tribunal de instancia que dentro del término de diez días determinara si existía justa causa o no para la notificación tardía de las mociones en controversia.(2)
Inconformes, los codemandados acudieron ante nosotros mediante una moción en auxilio de nuestra jurisdicción el 12 de mayo de 2006, para solicitarnos la revisión de la determinación del tribunal apelativo. Alegaron que dicho foro erró “al conferirse una jurisdicción de carácter contingente ... sujeta a las determinaciones del Tribunal de Primera Instancia”.(3) El 17 de mayo de 2006 denegamos esta petición. No obstante, a solicitud de los codemandados, el 23 junio de 2006 reconsideramos esta determinación y ex-pedimos el auto solicitado.
Luego de varios incidentes procesales, y contando con la comparecencia de las partes, pasamos a resolver.
II
Una parte adversamente afectada por una sentencia dictada por el Tribunal de Primera Instancia tiene la facultad, al amparo de la Regla 43.3 de Procedimiento Civil, supra, de presentar una moción para determinaciones iniciales o adicionales de hechos o conclusiones de derecho, o de otra forma, para peticionar enmiendas a las *880 determinaciones ya hechas mediante sentencia. Aguayo v. R & G, 169 D.P.R. 36 (2006). La razón cardinal para solicitarle al tribunal sentenciador que “determine hechos específicos y consigne sus conclusiones de derecho es para que el juez de instancia quede satisfecho de que ha atendido todas las controversias de forma propia y completa, y demás para permitir a las partes y al foro apelativo estar completamente informados de la base de la decisión”. J. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2000, T. I, pág. 695.
En reiteradas ocasiones hemos expresado que una oportuna y bien fundamentada solicitud de determinaciones de hechos y conclusiones de derecho adicionales, interrumpe los términos que tienen las partes para interponer una apelación, un certiorari, una reconsideración de sentencia o un recurso de certificación, entre otros. Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345 (2003); Juliá et al. v. Epifanio Vidal, S.E., 153 D.P.R. 357, 366 (2001); Rodríguez v. Zegarra, 150 D.P.R. 649 (2000). De acuerdo con la Regla 43.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, estos términos comenzarán a transcurrir nuevamente tan pronto se archive en autos una copia de la notificación de la resolución emitida por el Tribunal de Primera Instancia, en la que se resuelve la moción. Juliá et al. v. Epifanio Vidal, S.E., supra, pág. 366; Rodríguez v. Zegarra, supra, pág. 653. Dicho de otra forma, es a partir de la fecha cuando el tribunal de instancia resuelve y notifica la resolución para atender la moción de determinaciones de hechos y conclusiones de derecho adicionales, que comienza a transcurrir nuevamente el término jurisdiccional de treinta días que se tiene para recurrir en apelación al tribunal apelativo. íd.
Es pertinente señalar que la Regla 53.1(g)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que el término para solicitar la revisión de una sentencia ante el tribunal apelativo quedará interrumpido por la presenta *881 ción oportuna de una solicitud de determinaciones de hechos y conclusiones de derecho adicionales. Juliá et al. v. Epifanio Vidal, S.E., supra, pág. 366. Rodríguez v. Zegarra, supra, pág. 653. Dispone este precepto procesal que el término apelativo se comenzará a computar nuevamente desde que sea archivada en autos una copia de la notificación de cualquiera de las órdenes siguientes relacionadas con esta moción, por ejemplo:
(1) En las apelaciones al Tribunal [de Apelaciones] provenientes del Tribunal de Primera Instancia, declarando con lugar o denegando una moción bajo la Regla 43.3 para enmendar o hacer determinaciones iniciales o adicionales de hechos, fuere o no necesaria una modificación de la sentencia si se declarare con lugar la moción. Regla 53.1(g)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III.
La notificación de la presentación de una moción al amparo de la Regla 43.3 de Procedimiento Civil, supra, debe realizarse dentro del término de diez días establecido para su presentación. Específicamente, en Sucn. Salvador Jiménez v. Pérez, 153 D.P.R. 527, 533 (2001), resolvimos que el término para notificar la presentación de una solicitud de determinaciones de hechos adicionales al amparo de la citada Regla 43.3, es el mismo de diez días que se tiene para su presentación posterior al dictamen y la notificación de una sentencia del tribunal de instancia. Como señaláramos en aquella ocasión, este trámite procesal es de cumplimiento estricto, por lo que su incumplimiento implicará que no se interrumpirá el término disponible para apelar una sentencia ante el Tribunal de Apelaciones.
Reiteradamente hemos resuelto que, cuando se trata de un término de cumplimiento estricto, los tribuna-, les no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden, por lo tanto, pro-veer el remedio que estimen pertinente, extendiendo el término según las circunstancias. Rojas v. Axtmayer Ent., Inc., 150 D.P.R. 560, 564 (2000); Lugo v. Suárez, 165 D.P.R. *882 729 (2005). Sin embargo, los tribunales, a la hora de acoger y considerar un recurso presentado ante su consideración, no pueden prorrogar este término de forma automática. íd.
Los tribunales pueden extender discrecionalmente un término de cumplimiento estricto o permitir su cumplimiento tardío, “ ‘sólo cuando la parte que lo solicita demuestre justa causa para la tardanza’ ”. Arriaga v. F.S.E., 145 D.P.R. 122, 131 (1998), citando a Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 657 (1997). Elaborando sobre lo anterior, hemos determinado que los foros adjudicativos pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto si: (1) en efecto existe justa causa para la dilación, y (2) si la parte le demuestra detalladamente al tribunal las bases razonables que tiene para la dilación, es decir, que la parte interesada le acredite al tribunal de manera adecuada la justa causa aludida. íd. En ausencia de estas circunstancias, los tribunales carecen de discreción para prorrogar el término y, en consecuencia, acoger el recurso de revisión ante su consideración. íd.
Constantemente hemos advertido que los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen. Lugo v. Súarez, supra; Morán v. Martí, 165 D.P.R. 356 (2005). Lo anterior nos ha llevado a concluir que las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otras. Autoridad Sobre Hogares v. Sagastivelza, 71 D.P.R. 436 (1950). En cumplimiento con este deber, nuestros tribunales deben tener presente que “[u]na sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente”. (Enfasis en el original.) Montañez v. Policía de Puerto Rico, 150 D.P.R. 917, 921 (2000).
*883 La falta de jurisdicción de un tribunal no es susceptible de ser subsanada. Souffront v. A.A.A., 164 D.P.R. 663 (2005), y casos allí citados. En consideración de lo anterior, le corresponde a los foros adjudicativos examinar su propia jurisdicción, así como aquella del foro de donde pro-cede el recurso ante su consideración. Más aún, los tribunales tienen el deber ministerial, una vez cuestionada su jurisdicción, de examinar y evaluar rigurosamente el planteamiento jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Id. Una vez un tribunal determina que no tiene jurisdicción para atender el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo conforme a lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos. Id.
En numerosas ocasiones hemos expresado que este Tribunal tiene la responsabilidad de asegurarse que nuestro foro apelativo intermedio dispense justicia conforme al ámbito de autoridad que se le ha conferido estatutariamente. En el ejercicio de esta tarea, cuando el Tribunal de Apelaciones asuma jurisdicción en un recurso sin tenerla, es nuestro deber así declararlo y desestimar el recurso.
Es norma reiterada por este Foro que “ [u] na apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre”. Juliá et al. v. Epifanio Vidal, S.E., supra, pág. 366. Véanse: Pérez v. C.R. Jiménez, Inc., 148 D.P.R. 153 (1999); Hernández v. Marxuach Const. Co., 142 D.P.R. 492 (1997). Conforme a este pronunciamiento, hemos concluido que todo recurso presentado prematuramente carece de eficacia y, por lo tanto, no produce efecto jurídico alguno, ya que al momento de ser presentado el tribunal no tiene autoridad para acogerlo y, mucho menos, para conservarlo con la intención de reactivarlo posteriormente en virtud de una mo *884 ción informativa. Juliá et al. v. Epifanio Vidal S.E., supra, pág. 366; Pueblo v. Santana Rodríguez, 148 D.P.R. 400 (1999). De hecho, considerando una controversia similar a la de autos, hemos expresado:
“Si el [Tribunal de Apelaciones] no tenía jurisdicción para entender en la apelación, tampoco la tenía para, usando como base las precitadas Reglas 53.9(a) de Procedimiento Civil y 18 de su Reglamento, ordenar al Tribunal de Primera Instancia que resolviera de nuevo la moción para solicitar determinaciones de hecho adicionales que estaba pendiente al presentarse la apelación.
El efecto suspensivo que reconocen ambas reglas está apuntalado en la premisa de que el foro apelativo tiene jurisdicción en virtud de la apelación interpuesta. Lógicamente, de carecería por prematura, como en el caso de autos, la apelación no tiene el efecto suspensivo visualizado en esa normativa.” (Énfasis suprimido.) Juliá et al. v. Epifanio Vidal S.E., supra, pág. 367, citando a Rodríguez v. Zegarra, supra, págs. 654-655.
A la luz de la doctrina antes expuesta, evaluemos los hechos que originan la controversia ante nuestra consideración.
III
Las partes en el caso solicitaron oportunamente determinaciones de hechos y conclusiones de derecho adicionales al amparo de la Regla 43.3 de Procedimiento Civil, supra. La presentación de estas solicitudes ante el Tribunal de Primera Instancia se realizó dentro del término de diez días establecido por el referido precepto procesal. Sin embargo, tanto la parte peticionaria como los recurridos, notificaron la presentación de sus solicitudes un día después de finalizado el término disponible para presentarlas.
Como señaláramos, el requisito de notificar la presentación de una solicitud de determinaciones de hechos y conclusiones de derecho adicionales es de cumplimiento estricto. El incumplimiento con este requerimiento, privará de jurisdicción al tribunal de instancia para *885 entenderlas. Más aún, la inobservancia de este precepto no interrumpirá el término que se tiene para solicitar la revisión de una sentencia ante el Tribunal de Apelaciones.
Ahora bien, tratándose de un requisito de cumplimiento estricto, el tribunal de instancia podía permitir la notificación tardía de la presentación de las solicitudes en controversia si determinaba que existía justa causa que justifique este trámite fuera del término. De hecho, al momento en que los señores Zsendrey-Ramos presentaron su recurso apelativo ante el Tribunal de Apelaciones, el Tribunal de Primera Instancia había acogido las mociones presentadas por las partes y tenía la intención de evaluar si existía o no justa causa para su notificación tardía. Ante lo anterior, resulta forzoso concluir que el tribunal de instancia no había considerado ni se había expresado aún sobre un asunto que estaba dentro de su jurisdicción, por lo cual no había comenzado a transcurrir el término para acudir en alzada.
No obstante lo anterior, el Tribunal de Apelaciones acogió y consideró un recurso de apelación de forma prematura. Reiteramos, al momento de ser presentado el recurso de apelación, todavía el Tribunal de Primera Instancia no había determinado si, en efecto, tenía jurisdicción para considerar las solicitudes en controversia y si procedían. Esta situación impedía que el foro apelativo intermedio acogiera y considerara el recurso de apelación y mucho menos que retuviera jurisdicción sobre éste hasta que el tribunal de instancia cumpliera con su mandato. Como resultado de este proceder, el Tribunal de Apelaciones dictó una sentencia nula e inexistente por haber sido dictada sin jurisdicción.
En vista de lo anterior, procede dictar sentencia revocando la determinación del Tribunal de Apelaciones y desestimar el recurso presentado ante dicho foro por falta de jurisdicción.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Rebollo López no intervino.

 Resolución del Tribunal de Apelaciones de 28 de diciembre de 2005, Apéndice, pág. 723.

 El tribunal de instancia, cumpliendo con el mandado del Tribunal de Apelaciones, consideró las mociones en controversia. En resolución emitida el 12 de mayo de 2006 y notificada a las partes y al tribunal apelativo en esta misma fecha, dicho tribunal determinó que no había justa causa para la notificación tardía de las mociones ante su consideración.

 Petición de certiorari, pág. 5.